UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL S. FULMORE, | ) |
| FRANCES N. FULMORE, | ) |
| ALAN R. AKERS, | ) |
| PATRICE BAMIDELE-ACQUAYE, | ) |
| DAVID A. TAYLOR, and | ) |
| MARIA A. BAVEN, | ) |
| | ) |
| Plaintiffs, | )   CASE NO. 1:03-cv-0797-DFH-VSS |
| | ) |
| v. | ) |
| | ) |
| HOME DEPOT, U.S.A., INC., | ) |
| | ) |
| Defendant. | ) |

ENTRY ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT
AGAINST PLAINTIFF MARIA BAVEN

Along with several co-workers, Maria A. Baven brought this action against
her former employer Home Depot, U.S.A., Inc. alleging that it discriminated
against her based on race and retaliated against her for reporting discrimination,
both in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et
seq.*, and 42 U.S.C. § 1981.  Baven claims that Home Depot discriminated against
her by twice denying her a promotion and retaliated against her by reducing her
assigned work hours after she complained of race discrimination.  Home Depot
denies Baven's allegations and has filed a motion for summary judgment on all of
her claims.  For the reasons set forth below, Home Depot's motion is granted as
to Baven's promotion claims but denied as to her retaliation claims.

*Summary Judgment Standard*

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment should be granted only where the pleadings, depositions, answers to interrogatories, affidavits, and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Only genuine disputes over material facts can prevent a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Id.*

When deciding a motion for summary judgment, the court considers those facts that are undisputed and views additional evidence, and all reasonable inferences drawn therefrom, in the light reasonably most favorable to the non-moving party. See Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 255; *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999). "[B]ecause summary judgment is not a paper trial, the district court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). The court's only task is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.*

*Disputed and Undisputed Facts*

The following account is not necessarily accurate, but reflects application of summary judgment standards to the extensive record before the court.

Plaintiff Maria Baven is African American and applied for a position as a cashier at the Home Depot on Post Road in Indianapolis in January 2002. On her initial application, Baven indicated that she was seeking a part-time position and that she was not available to work evenings, but that she was available to work on weekends. See Baven Dep. 30, Ex. 1. She submitted an additional application in February 2002 for a position as a part-time cashier. On the second application, Baven stated that she was available "anytime" but did not indicate more specifically that she was willing to work evenings. Baven Aff. ¶ 3, Att. 1. After interviews with store manager Jamie Meadows and human resource manager Jeffrey Russell, Baven was hired as a part-time cashier. She began her employment at Home Depot on April 2, 2002. Baven Dep. at 30, 35-40; Baven Aff. ¶ 5.

In June 2002, Baven completed a part-time associate availability form stating that she was available to work no earlier than 8 a.m. and no later than 3 p.m. on any days, and that she was available to work every other weekend. Baven Dep. at 52-53, Ex. 4. Baven submitted several such forms over the following year. Baven listed her availability as between 7 or 8 a.m. and no later than 2 p.m. on the forms, and she requested every other weekend off of work. See

Baven Dep. at 52-58, Exs. 6-9.   Baven testified that she sometimes worked consecutive weekends but always informed Home Depot that she wanted alternating weekends off work.   Baven Aff. ¶ 54; see also Baven Dep. Exs. 4,6,7,9. Despite such forms, Baven testified in her affidavit that she informed "Home Depot during 2002 and 2003 that [she] would work any hours," as long as she had notice.   Baven Aff. ¶ 53.

On June 5, 2002, head cashier (and co-plaintiff) Patrice Bamidele-Acquaye cited Baven for committing a "no call no show" attendance violation on May 30, 2002.   Baven testified that she called the store to report that she was going to be absent and had spoken with "security," but that Bamidele-Acquaye considered the shift a no call no show because Baven failed to speak with a manager.   Baven Dep. at 77-78, Ex. 13.[1]  Baven testified that she did not believe that Bamidele-Acquaye

_____

[1]Baven testified in her affidavit that she had called the store before it opened and "told the white manager that [she] would be absent," but that he did not note it on the company's attendance records.   Baven Aff. ¶ 16.   During her deposition, Baven had testified that she "called the phone center when no one was in there and it was security, so they knew that I was not coming in," and that Bamidele-Acquaye "considered that a no call/no show because I didn't get to speak to a manager."   Baven Dep. at 78.   "Where [a] deposition and [an] affidavit are in conflict, the affidavit is to be disregarded unless it is demonstrable that the statement in the deposition was mistaken . . . ."  *Russell v. Acme-Evans Co.*, 51 F.3d 64, 67-68 (7th Cir. 1995), quoted in *Adusumilli v. City of Chicago*, 164 F.3d 353, 360 (7th Cir. 1998).   Where a deposition statement is ambiguous, party may clarify it later with an affidavit.   Put another way, an affidavit will not be disregarded as contradictory with deposition testimony unless it directly contradicts the testimony.  *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1004-07 (7th Cir. 1999).   Baven's affidavit testimony that she "told the white manager" she would be absent directly contradicts her deposition testimony that she "didn't get to speak to a manager."   Her deposition testimony is not ambiguous.   Baven has failed to offer an adequate explanation for this discrepancy, see Baven Surreply

(continued...)

issued the citation because of Baven's race.   Baven Dep. at 78.   Baven also received a no call no show citation on June 23, 2002 from Christina Arney.   Baven again testified that she had called the store before it opened to report that she was going to be absent and had talked with "security."  *Id.* at 79, Ex. 14.   Baven testified that she did not have any no call no show violations after June 2002. Baven Aff. ¶ 25.

On June 22, 2002, Baven received a performance evaluation completed by Kellie McCormick and Allyson Alexander.   The evaluation stated that Baven was a "Performer" overall and that she was rated as a "Performer" in thirteen of the fourteen rated categories.   Alexander and McCormick assigned Baven a rating of "Improvement Required" in the "punctuality/dependability" category.    The evaluation stated that Baven worked well with associates and customers and followed procedures as directed, but noted that one of her weaknesses was her attendance and dependability.   It also stated:  "Maria needs to ensure arrival to and from breaks and lunches on time as well as working scheduled shifts accordingly."  Baven's "Potential Code" rating was "Grow in Position," one level below the rating of "Promotable" and a level above the rating of "Placement Issue." It also listed "Head Cashier" in the "Potential Next Position" category, but did not list a time projection for advancement to the position.   Baven Dep. at 63-65, Ex. 10; Baven Aff. ¶ 18.   Baven acknowledged that she experienced "attendance

---

[1](...continued)
Br. at 5-6, and there is no evidence that she was mistaken.   Accordingly, paragraph 16 of Baven's affidavit will be disregarded.

problems," but she argues that she "was not absent more than some of the white cashiers" and that her absences from work were due in part to the fact that her apartment building was hit by a tornado in "about" spring 2002. Baven Dep. at 63-64; Baven Aff. ¶¶ 13-15, 17.

In July 2002 Baven interviewed for a promotion to the position of head cashier. Baven Dep. at 113. Meadows and Russell interviewed Baven for the position. Baven testified that Meadows informed her that he could not promote her to the head cashier position because she would set a bad example for other employees. Baven Dep. at 88. Baven testified that Meadows informed her that she was not promoted because of her tardiness and her "no shows." Baven Aff. ¶ 19. Home Depot promoted Almitra Hensley and Erica Elam to head cashier positions in August 2002. Russell Aff. ¶¶ 3, 4; Meadows Dep. at 227-28.

Baven again applied for a promotion to a head cashier position in September 2002. Russell testified that Baven was denied the promotion because other applicants were more qualified and because of her "attendance problems." Russell testified that between Baven's July 2002 and September 2002 interviews she was absent from work three times (including once two days before her September interview), left work early twice, and was late to work once. Russell Aff. ¶ 5, Ex. 7. Baven acknowledges that she "was denied the position because of attendance," Baven Response Br. at 10, and testified that Meadows told her that she was not promoted because of her absences, Baven Aff. ¶ 28, but she argues that she did

not have "attendance problems" because the absences were not no call no show absences, but were "approved" and "normal."  Baven Response Br. at 11, citing Baven Aff. ¶¶ 25, 27.  Home Depot hired two external applicants, Christie Haemmerle and William Wendell-Toy, to fill the September 2002 head cashier positions.  Russell Aff. ¶ 7; Meadows Dep. at 227-28; Baven Aff. ¶ 27.

Russell testified that head cashiers were required to be available seven days per week, including evening hours on each of those days.  Russell Aff. ¶ 6.  Baven testified in her affidavit that she informed Russell and Meadows at both her July and September 2002 interviews that she "would work the hours of a head cashier."  Baven Aff. ¶ 29.  Baven testified that she was never informed that Meadows and Russell decided not to promote her because of her availability.  Baven Aff. ¶ 30.

Baven filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 20, 2002 stating that Home Depot discriminated against her because of her race.  The charge alleges the following:  (1) Home Depot managers and other employees "humiliated" Baven and "talked to [her] like a child"; and (2) Home Depot managers "denied [Baven] cross-training and a promotion to Head-Cashier due to [her] tardiness and no-shows." Baven Dep. at 87, Ex. 17.

Baven claims that Home Depot's managers humiliated her and treated her disrespectfully. Specifically, Baven testified that Meadows talked to her "like [she was] a child," yelling or speaking in a loud voice, including during the meeting when he informed her that promoting her would set a bad example and on another occasion when he scolded her for her performance. Baven Dep. at 87-90, 92-94. She testified that after Meadows "talked to [her] like a child and yelled at [her]," she experienced stress and cried. Baven Aff. ¶ 10.

In April 2003 Almitra Hensley completed a performance evaluation for Baven, rating Baven as a "Performer" overall and as either an "Achiever" or a "Performer" in each of the fourteen rated categories. The evaluation stated that Baven was "dependable, friendly, willing to stay and help out when needed," and that she "always accomplished the tasks given to her." The evaluation also stated that Baven needed to "keep personal calls to her breaks." Baven Aff. ¶ 51, Att. 4.[2]

Baven claims that although she did not reduce her availability, Home Depot reduced her hours and constructively dismissed her in retaliation for reporting race discrimination. Baven Dep. at 116; Baven Aff. ¶ 55. Specifically, Baven testified: "In the year 2002, I usually worked over twenty hours per week" but

---

[2]Paragraph 26 of Baven's affidavit states that she "believe[s]" that she was given another performance evaluation between the June 2002 and April 2003 evaluations, but that Home Depot did not disclose such an evaluation in discovery. Rule 56(e) of the Federal Rules of Civil Procedure requires that affidavit statements "shall set forth such facts as would be admissible in evidence . . . ." Baven's statement that she "believes" she had another evaluation is only inadmissible speculation.

that "in 2003 after I filed my EEOC charge, I usually received far less than twenty hours per week."  Baven Aff. ¶ 36.  She also testified, however, that she worked "almost 20 hours per week" during January and early February 2003, a time when she believed that co-plaintiff Patrice Bamidele-Acquaye prepared the schedules, and also that "there were a few weeks" during the spring of 2002 when she was assigned over twenty work hours.  *Id.* ¶¶ 38, 41.  She testified in her affidavit that the more she complained about discrimination at Home Depot, the more her hours were reduced.  *Id.* ¶ 37.

Russell testified that the assigned work hours of part-time associates decreased during fall and winter months because the store experienced its lowest sales volume during that time.  Russell Dep. at 48-50.  Meadows also testified that the store's part-time workers worked reduced hours during the months of December, January, and February, also citing the store's reduced sales volume as the reason for such a decrease.  Meadows Dep. at 153, 155.

Home Depot also points to Baven's limited availability and her insistence on working only every other weekend as additional reasons for any reduction in her work hours.  Baven Dep. 52-58, Exs. 4-9.  At one point, Baven wrote a note to front end supervisor Michelle Kline inquiring why she had not been given alternating weekends off of work.  Baven Dep. Ex. 5.  Baven testified that she requested time off from work at Home Depot on many occasions.  Baven Dep. at 61.  From December 20, 2002, the day Baven filed her charge with the EEOC, to

July 3, 2003, the day Baven resigned her position with Home Depot, she requested at least nineteen days off work. *Id.* at 125-26, Ex. 21. Baven testified that not all of these requests were granted. Baven Aff. ¶ 56. Baven also missed at least eleven of her scheduled shifts during this period and left one shift early. Baven Dep. 61-62, 126-27, Ex. 22. Home Depot attendance logs show that many of the absences were for Baven's illness, the illness of a family member, or for a death in the family. See Baven Dep. Ex. 22.

Baven testified that she asked Meadows if she could be cross-trained in the paint and wall-paper departments at the store so that she could work more hours. Baven testified that she could not remember whether she made such a request before or after she filed her EEOC charge. Baven's EEOC charge lists denial of cross-training as one of her grievances. Baven Dep. Ex. 102-03, Ex. 17; Baven Aff. ¶ 58. Baven testified that Meadows told her that "they did not have the hours." Baven Dep. at 103. Meadows testified that he informed Baven that she could use training materials located in the break room to help her advance her training, but that "any specific hours that would be generated for other training within each specific department would have to go to people in those departments first." Meadows Dep. at 229-30. Baven testified that she observed that these departments needed help, Baven Aff. ¶ 58, but could not remember any specific person who might have told her that the departments needed more help. Baven Dep. at 110. Baven stated in her EEOC charge that she was denied cross-training because of her tardiness and no call no show violations. See Baven Dep. Ex. 17.

Baven claims that she eventually resigned from her position at Home Depot in early July 2003 because she was not assigned a sufficient amount of hours, preventing her from supporting her family.  Baven Aff. ¶¶ 60, 63.

Baven also claims that Home Depot discriminated against other African American workers or retaliated against other employees who complained of discrimination.  She testified that "Patrice Acquaye had performed the duties of Front End Supervisor for about two months, but Home Depot did not promote her, and instead, promoted white employee Almitra Hensley to Front End Supervisor just a few months after Home Depot promoted Hensley to part-time Head Cashier, which was just a few months after she was hired."  *Id.* ¶ 46.  She testified that after co-worker Alan Akers complained of discrimination, Home Depot terminated his employment.  *Id.* ¶ 45.  She also testified that after co-workers Carl Fulmore, Frances Fulmore, and David Taylor complained of discrimination, Home Depot reduced their work hours but did not reduce the work hours of other employees.  *Id.* ¶¶ 42-44.[3]  Baven's African American co-worker, Carl Haslett, submitted an

_____

[3]Baven also cites the affidavit of Michael L. Easterling, former assistant manager of Home Depot.  In addressing Baven's claims, the court need not reach the many admissibility issues presented by Easterling's affidavit, which is replete with hearsay, speculation, and conclusory statements.  By Easterling's own account, he was not hired to work at Home Depot until January 2004 and appears to have begun work at the Post Road Home Depot in late March 2004, several months after Baven resigned her position with Home Depot.  The affidavit contains testimony regarding statements made by Easterling and Russell after Easterling began his employment at Home Depot stating that Hensley was not competent.  Easterling's affidavit contains no information regarding either the 2002 promotions or the 2003 scheduling of Baven's work hours and provides no evidence that Easterling even worked with Meadows.  His affidavit is therefore
(continued...)

affidavit stating that on one occasion Russell was "screaming and cussing" at Haslett, and later apologized for such actions after Haslett complained to the store manager.  Haslett Aff. ¶¶ 57, 59, 60.[4]  Additional facts will be included where relevant below, keeping in mind the standard on summary judgment.

*Discussion*

I.    *Evidentiary Considerations*

   A.    *Baven's Affidavit*

   Several paragraphs of Baven's affidavit testimony must be disregarded as conclusory and lacking any basis in personal knowledge.  Rule 56(e) of the Federal Rules of Civil Procedure requires that affidavits offered in opposition to a motion for summary judgment be "made on personal knowledge," that they "set forth facts that would be admissible in evidence," and that they "show affirmatively that the

---

[3](...continued)
irrelevant to the issues before the court on Baven's claims.  See, *e.g., Cullen v. Olin Corp.*, 195 F.3d 317, 323-24 (7th Cir. 1999) (vacating jury verdict in an age discrimination case; evidence of comparator employee's performance, including evidence of supervisor criticism of her performance, after the employment decision at issue was not relevant to whether the decision was discriminatory and admission of such evidence amounted to prejudicial error); *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 505 (7th Cir. 2004) (affirming district court decision to exclude evidence pertaining to events occurring after the adverse employment decision because such events were not relevant to the grounds upon which the decision was made).

[4]Paragraph 58 of Haslett's affidavit states that he complained that "Russell did not talk to white employees like that."  This statement must be disregarded because it is conclusory and lacks a basis on Haslett's personal knowledge.  See Fed. R. Civ. P. 56(e).

-12-

affiant is competent to testify to the matters stated therein." Although personal knowledge can include inferences and opinions of the affiant, such inferences must nonetheless be substantiated by specific facts. *Drake v. Minnesota Mining & Manufacturing Co.*, 134 F.3d 878, 887 (7th Cir. 1998). In *Drake*, the Seventh Circuit found no abuse of discretion where a magistrate judge excluded portions of an affidavit similar to those at issue. The court cited one statement typical of those excluded, stating: "Every time I, or any other African American employee went to Dean Coleman with a problem involving another employee, who was white, Dean Coleman would never conduct an investigation or take any action against that white employee." *Drake*, 134 F.3d at 887. Such statements, the court explained, were "exactly the type of conclusory allegations that should be disregarded on summary judgment." *Id.* "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Id.*, citing *Hadley v. Du Page County*, 715 F.2d 1238, 1243 (7th Cir. 1983). Because several of Baven's statements regarding the treatment of African American and Caucasian employees amount to the kind of conclusory allegations that fail to comply with the evidentiary demands of Rule 56(e), the court disregards Bavens assertions in paragraphs 8, 9, 11, 12, 47, 48, 49, 59 of her affidavit.

B.      *Rule 37(c) Objections*

In support of its motion for summary judgment, defendant has submitted evidence regarding the hours worked by other employees in 2002 and 2003, and had apparently failed to disclose such evidence to the plaintiffs before filing its motions for summary judgment.  See Russell Aff. Ex. 10.  Baven claims that Home Depot may not be permitted to rely on such information, citing Rule 37(c) of the Federal Rules of Civil Procedure.   The court agrees.

Rule 37(c) provides in relevant part that a party who, without substantial justification fails to disclose information required by Rule 26(a) is not, unless such a failure is harmless, permitted to use such evidence at trial or on a motion.  Rule 26(a) requires a party to provide to another party, with or without a formal discovery request, a copy or description of all documents and data compilations in the party's possession that it may use to support its claims or defenses, unless such information would be used solely for impeachment.  Home Depot's argument that it did not receive a request for such information is beside the point.  Rule 26(a) requires disclosure even without such a request.  Additionally, the evidence was not submitted for the purpose of impeachment.  Home Depot has not offered any other justification for its omission, however, and the evidence, at least with respect to pretext or the fourth element of Baven's prima facie case of retaliation, is not harmless.

Defendant argues that plaintiff was required by Rule 37 and Local Rule 37.1 to confer with counsel before objecting to its reliance on undisclosed evidence. Rule 37(a)(2) requires a party to certify that it has conferred with opposing counsel as part of a motion to compel discovery, but that is not what the plaintiff seeks here. Rather, plaintiff argues under Rule 37(c) that defendant simply may not rely upon documents that it failed to disclose to the plaintiff in accordance with Rule 26. The Advisory Committee Notes to both the 1993 and 2000 Amendments to Rule 37 make clear that Rule 37(c) operates independent of any motion required by Rule 37(a). Rule 37(c) simply does not require conferral. Local Rule 37.1 is equally inapplicable, as it states that the court may deny a *discovery motion* where the movant has failed to confer with opposing counsel. This local rule in no way impedes plaintiff from invoking her rights under Rule 37(c) of the Federal Rules of Procedure. Accordingly, the court must disregard Exhibit 10 to Russell's affidavit, as well as Russell's affidavit testimony reciting the information included in Exhibit 10. See Russell Aff. ¶¶ 13-18.

II.   *Disparate Treatment*

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Baven has also alleged discrimination in violation of 42 U.S.C. § 1981, which prohibits racial discrimination in the creation and

enforcement of contracts.  The applicable legal standards on liability for race discrimination are the same under Title VII and § 1981.  *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 299 (7th Cir. 2004); *Williams v. Waste Management of Illinois*, 361 F.3d 1021, 1028 (7th Cir. 2004).

Baven claims that Home Depot discriminated against her by twice refusing to promote her because of her race in violation of Title VII and § 1981.  A plaintiff in an employment discrimination case may survive a motion for summary judgment by presenting direct or indirect evidence raising a genuine issue of fact as to whether the employer acted against her with discriminatory intent. *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005).  Baven has not offered any direct evidence that Home Depot discriminated against her because of her race, and she proceeds under the familiar indirect burden-shifting framework adapted from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

To survive summary judgment on her disparate treatment claims for failure to promote her using the indirect method, Baven must come forward with evidence that would allow a reasonable jury to find on each claim that:  (1) she is a member of a protected class; (2) she applied for and was qualified for the promotion; (3) she was rejected for the position sought; and (4) the position was granted to an individual outside of the protected class who was either similarly qualified or less qualified than Baven.  *Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003)*; Jordan v. City of Gary*, 396 F.3d 825, 833 (7th Cir. 2005) (age

discrimination claim). If Baven meets this burden, the defendant may rebut her prima facie case by articulating a legitimate, non-discriminatory reason for the employment action. Baven must then present evidence that could allow a reasonable jury to find that the stated reason was not a true reason, but a pretext, which may permit in turn an inference of unlawful intent. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 545 (7th Cir. 2002); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507-08, 511 (1993). Because Baven, as the plaintiff, carries these burdens, her failure to demonstrate a genuine issue of fact as to any element of the prima facie case or as to pretext warrants summary judgment in favor of Home Depot.

A.    *Baven's Prima Facie Case*

Baven meets the first and third elements of her prima facie case: she is a member of a protected class and she was twice rejected for promotions for which she applied. Home Depot argues that Baven has failed to raise a genuine issue of material fact as to whether she was (1) qualified for the positions; or (2) similarly or more qualified than the persons who were granted the promotions.

1.    *Qualified for the Positions Sought*

Home Depot first claims that Baven cannot show that she was qualified for either promotion because she (1) did not have sufficient availability for the head

cashier positions; and (2) had attendance problems that rendered her unqualified for the positions.

The evidence before the court, when viewed in the light reasonably most favorable to Baven, presents a genuine issue of material fact as to whether she was sufficiently available for the positions.  Baven does not dispute Russell's testimony that head cashiers were required to be available seven days per week, including evening hours on each of those days.  Russell Aff. ¶ 6.  Additionally, Baven's part-time availability forms show that she repeatedly told Home Depot that she was not available to work in the evenings.  Baven also testified, however, that she informed Russell and Meadows at both her July and September 2002 interviews that she "would work the hours of a head cashier."  Baven Aff. ¶ 29. Giving Baven the benefit of the conflicting evidence, a reasonable jury could find that although she reported to Home Depot on her part-time availability forms that as a cashier she would not work evenings, she informed Russell and Meadows that she would work any hours necessary for the promotion.

Ultimately, however, Baven cannot meet her burden to raise a genuine issue of material fact as to whether she was qualified for the head cashier positions because of her undisputed attendance and dependability deficits.  Although Baven claims to have called to report her absences, she does not dispute that in the month prior to the first promotion, she received two associate action notices for no call no show violations.  Additionally, the evidence shows that between the July

2002 and September 2002 interviews, Baven, who worked part-time, was absent from work three times, left early twice, and was late to work once.  Russell Aff. ¶ 5, Ex. 7.[5]

In support of her assertion that she was qualified for the head cashier promotion, she offers that "Home Depot never told Baven that she was not qualified for the position of head cashier."  Baven Response Br. at 20.  Baven herself testified, however, that during her July 2002 head cashier interview, Meadows informed her that she would "set a bad example," Baven Dep. at 88, and also informed her that she was not promoted "because of [her] tardiness and no shows."  Baven Aff. ¶ 19.  Baven also argues that Home Depot's management would not have interviewed her if she had not been qualified for the position, but offers no evidence to support such an assertion.

As the plaintiff opposing Home Depot's motion for summary judgment, Baven carries the burden of raising a genuine issue of material fact as to whether she was qualified for the promotions she sought.  *Grayson*, 317 F.3d at 748 (plaintiff must establish the elements of the prima facie case); *Jordan*, 396 F.3d

---

[5]Additionally, Baven's June 2002 performance evaluation, while rating Baven a "Performer" and stating that she performed tasks as directed and worked well with others, repeatedly referenced her weaknesses with punctuality and dependability.  The evaluation not only cited Baven's weaknesses in working scheduled shifts, but also stated that she needed to work on arriving to and from breaks and lunches on time.  The evaluation stated that Baven had the potential to be a head cashier, but did not list any projected time frame for such a promotion.  The evaluation rated Baven's "Potential Code" as "Grow in Position," not as "Promotable."  Baven Dep. at 63-65, Ex. 10.

at 833 (same).  Although this burden is not intended to be onerous, *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981), plaintiff's own conclusory assertions that she was qualified will not suffice.  Cf. *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 501 (7th Cir. 1998) (affirming grant of summary judgment in favor of employer where plaintiff failed to address deficiencies cited in her performance evaluations, and "instead simply asserted that she was generally qualified for the promotions that she sought").  Baven has not met her burden as to the second element of her prima facie case of race discrimination.

### 2.    *Similarly Situated Individuals*

On a failure to promote claim, Baven carries the burden of demonstrating a genuine issue of material fact as to whether she was "similarly situated" to those who were granted the promotions in that she was either similarly or more qualified than they were.  *Grayson*, 317 F.3d at 748; *Jordan*, 396 F.3d at 833.

### (a)    *August 2002 Promotions*

Baven was denied a promotion to a head cashier position for which she interviewed in July 2002.  In August 2002, Home Depot promoted Almitra Hensley and Erica Elam to two open head cashier positions.  Hensley had approximately fifteen months of experience as a head cashier at Lowe's, a Home Depot competitor.  Hensley had received an associate action notice for going "above and beyond" the responsibilities of her job by assisting in cleaning the front end on

June 5, 2002, and in Hensley was named "Cashier of the Month" for June 2002.
Russell Aff. ¶ 3, Exs. 1, 2, 3.  Hensley was a part-time cashier who was not
available to work day shift hours, but was available to work weekends and
evenings.  Baven Aff. ¶ 20; Russell Aff. Ex. 1.  Russell testified that, in deciding
to promote Hensley, Meadows considered her strong record of performance at
Home Depot and her experience at Lowe's.  Both Hensley and Elam were hired
after Baven.  Baven Aff. ¶¶ 20, 21.  Elam had worked for years as a cashier and
a head cashier at a  Home Depot store in Texas.  Meadows Dep. at 229; Russell
Dep. at 59.[6]  Russell testified in his affidavit that neither Hensley or Elam had
attendance problems.  Russell Aff. ¶¶ 3, 4.

    The undisputed evidence shows that Elam and Hensley were more qualified
for the head cashier positions than Baven.  Hensley had experience as a head
cashier at another home improvement outlet, received two commendations for her

---

[6]Plaintiff objects to paragraph 4 of Russell's affidavit and Exhibit 6 to
Russell's affidavit, which refer to and include Elam's Home Depot job application,
arguing that Rule 37(c) of the Federal Rules of Civil Procedure bars Home Depot
from relying on this information because it was not properly disclosed in
accordance with Rule 26(a).  As previously explained, Rule 37(c) provides in
relevant part that a party who, without substantial justification fails to disclose
information required by Rule 26(a) is not, unless such a failure is harmless,
permitted to use such evidence at trial or on a motion.  Rule 26(a)(1)(B) requires
a party to provide to another party, with or without a formal discovery request, a
copy or description of all documents and data compilations in the party's
possession that it may use to support its claims or defenses, unless such
information would be used solely for impeachment.  The court need not determine
whether Home Depot had a substantial justification for failing to disclose the
evidence, however.  The admission of deposition testimony from Meadows and
Russell as to Elam's experience renders admission of Elam's job application
harmless for the purpose of summary judgment.

performance in June 2002, and had no attendance problems.  Baven does not dispute this, and does not argue that her own experience or performance rivaled Hensley's.  Baven argues that Hensley "did not work as much time" as Baven.  The meaning of this argument is ambiguous, but it is unpersuasive under any construction.  If the argument is meant to state that Baven worked more hours than Hensley, it is unsupported by any specific evidence.  If the statement is meant to point out that Hensley was hired after Baven, this fact alone, in the face of the other evidence of the two women's qualifications, is not sufficient to find that Baven was as qualified or more qualified than Hensley.

Nor has Baven offered evidence that she was as qualified as Elam.  Testimony from Russell and Meadows demonstrates that Elam had experience as a cashier and head cashier at Home Depot and that she did not have attendance problems.  Baven argues that her April 2003 performance evaluation shows that after her June 2002 evaluation Baven was performing consistent with ratings of an "Achiever" and a "Performer."  Baven also notes that she was hired before Elam at the Post Road Home Depot.  Even viewing this evidence in the light most favorable to Baven, the court finds no issue of fact as to whether Baven was as qualified as Elam where Elam had prior experience in the head cashier position and more overall experience with Home Depot.  Additionally, there is no evidence that Elam had any attendance problems, which also undermines any claim by Baven that she was as qualified as Elam.  Accordingly, Baven has failed to meet

her burden under the fourth element of the prima facie case with respect to the August 2002 head cashier promotions.

(b)    *September 2002 Promotions*

Baven was also denied a promotion to a full-time head cashier position for which she interviewed in September 2002.  Instead of promoting Baven, Home Depot hired Christie Haemmerle and William Wendell-Toy as head cashiers. Meadows testified that Haemmerle had "significant experience" as a front end manager with another home improvement chain.   Meadows Dep. at 228.[7] Wendell-Toy had two years of experience as a head cashier at a supermarket and two months experience as a customer service supervisor at a wholesale club. Russell Aff. ¶ 8, Ex. 9; Meadows Dep. at 229.  Both were available for full-time positions.  Baven's Home Depot job application demonstrates that she had two years experience from 1991 to 1993 as a night supervisor at Little Caesar's and five months experience as a clerical cashier at Video Gallery Plus.  Baven Aff. ¶ 2,

---

[7]Plaintiff objects to Exhibit 8 to Russell's affidavit, Haemmerle's job application, arguing that Rule 37(c) of the Federal Rules of Civil Procedure bars its use because it was not properly disclosed in accordance with Rule 26(a).  As was the case with previous Rule 37(c) objections, Home Depot's argument that it did not receive a request for such information is beside the point.  Rule 26(a) requires disclosure even without such a request.  The court need not determine whether Home Depot had another substantial justification for failing to disclose the information.    The admission of testimony from Meadows regarding Haemmerle's "significant experience" at Central Hardware renders admission of the application harmless for the purposes of summary judgment.  See Meadows Dep. at 228.

Att. 1.  Russell testified that a full-time head cashier must be available seven days per week, including available to work every evening.  Russell Aff. ¶ 6.

Even when the evidence is viewed in the light most favorable to Baven, there exists no genuine issue of material fact as to whether she was as qualified or more qualified than either Haemmerle or Wendell-Toy.  Haemmerle's significant experience as a front end supervisor at another home improvement store renders Haemmerle more qualified than Baven.  The court cannot say, however, that Wendell-Toy's experience at a supermarket and as a customer service supervisor alone render him more qualified than Baven as a matter of law, particularly in light of the evidence that Baven had some familiarity with Home Depot.  Baven cannot meet the fourth element as to either comparator, however.  Although she may have had experience and availability similar to her comparators, Baven's absences and other dependability issues, which she admits were the reasons why she was not granted the promotions, rendered her less qualified than those hired as a matter of law.

Because there is no genuine issue of material fact as to at least one element of Baven's prima facie case of discrimination, summary judgment on this claim is warranted in favor of Home Depot.  *Celotex*, 477 U.S. at 322-23; *Greer v. Board of Education*, 267 F.3d 723, 728 (7th Cir. 2001); *Traylor v. Brown*, 295 F.3d 783, 790 (7th Cir. 2002) (affirming summary judgment in favor of defendant on Title VII race discrimination claim where plaintiff failed to demonstrate a materially

adverse employment action because plaintiff's "failure to establish one element of her *prima facie case*, even if she has established all of the others, is enough to support a grant of summary judgment in favor of her employer"); *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692-94 (7th Cir. 2005) (affirming summary judgment where plaintiff failed to demonstrate fourth element of prima facie case); see also *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680-81 (7th Cir. 2002) (affirming summary judgment in sex discrimination case where plaintiff failed to meet her burden on fourth element of prima facie case).

B.    *Pretext*

If a plaintiff can establish a prima facie case of discrimination, a "rebuttable presumption of discrimination" arises, shifting the burden "to the employer to articulate a legitimate, nondiscriminatory reason" for its actions. *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). If the employer meets this burden, the presumption disappears. *Id.* The burden then shifts back to the plaintiff to offer evidence sufficient to permit a reasonable jury to find that these reasons were not just wrong, but deliberately false. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 545 (7th Cir. 2002); see also *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) (stating that "pretext means a dishonest explanation, a lie rather than an oddity or error" in a national origin discrimination case). The plaintiff can meet this burden by showing that the defendant was most likely motivated by a discriminatory reason or that its explanation is not worthy of credence because it was either (1) factually baseless;

(2) not the true reason for the action; or (3) insufficient to justify the action. *Johnson*, 91 F.3d at 931; *O'Neal v. City of New Albany*, 293 F.3d 998, 1005 (7th Cir. 2002).

Baven has not come forward with evidence that the reasons Home Depot asserted for denying her the promotions to head cashier, that she was less qualified and had a record of poor attendance, were pretextual. Baven concedes in fact that she was not offered the promotions for which she interviewed in September because of attendance, *see* Baven Response Br. at 10-11, and testified that she was repeatedly informed by Meadows that attendance was the reason why she was not promoted. Baven Aff. ¶¶ 19, 28. Baven testified that she did not believe Bamidele-Acquaye issued her a no call no show citation because of her race. Additionally, Baven's EEOC charge states that she was denied promotions because of her "tardiness and no-shows." Baven Dep. Ex. 17.

She also argues both in her affidavit and in her briefs that any absences she had between her July and September 2002 interviews were "approved" or "normal," though she does not offer any further explanation of what these terms mean in this context, or how this evidence demonstrates the dishonesty of defendant's reason. Whether Baven's absences were "normal," or whether "approved" absences should be the basis of promotion decision are of no consequence for the court. The evidence demonstrates without contradiction that Baven was denied the promotions because of her attendance. The court's role is

not to determine whether or not this was a fair or wise basis for making such decisions.  See *Ballance*, 424 F.3d at 621 (court does not "sit as a super-personnel department with authority to review an employer's business decision," because court's "only job is to assess whether the justifications given by [the employer] . . . are honest").

Baven's attempts to argue away the evidence of the underlying events demonstrating her absences and tardiness is also unavailing.  She claims that she received "no call no show" violations in error, asserting that she phoned security to inform Home Depot that she would be absent.  At best, all that this means is that Home Depot's managers were mistaken in their beliefs about whether she had committed the violations.  Demonstrating pretext, however, requires more than a showing that an employer's decision was mistaken or unwise.  "To avoid summary judgment, a plaintiff must present evidence showing that the employer did not honestly believe his proffered reason."  *Hague v. Thompson Distribution Co.*, 436 F.3d 816, 825 (7th Cir. 2006); see also *Ballance*, 424 F.3d at 617, citing *Jordan v. Summers*, 205 F.3d 337, 343 (7th Cir. 2000) ("Even if the reasons for [the plaintiff's] non-selection were mistaken, ill considered or foolish, so long as [the defendant] honestly believed those reasons, pretext has not been shown.").  Baven has offered no evidence from which a reasonable jury could infer that Home Depot's reasons for denying her the promotions were dishonest.

Nor has Baven presented any additional evidence that would permit a factfinder to find pretext in this case.  Baven's assertions regarding the alleged retaliatory reduction in her co-workers assigned hours are not relevant to her race discrimination claim.  Baven's testimony that Hensley was promoted over co-worker and co-plaintiff Bamidele-Acquaye does nothing to assist Baven's argument on this score either.  Baven has presented no evidence that Bamidele-Acquaye was not promoted because of her race, and the court has found that charge unfounded in a separate decision today granting Home Depot's motion for summary judgment on that claim.  Baven's assertion that all of the managers at the Post Road Home Depot during her fifteen months of employment were Caucasian, without more, fails to show that she was denied a promotion because of her race.  Additionally, evidence that Baven's supervisors were not kind in reprimanding or otherwise communicating with her and Haslett, while perhaps unfortunate, does not demonstrate or raise the inference that Baven was not promoted because of her race.  *Berry v. Delta Airlines, Inc.*, 260 F.3d 803, 808 (7th Cir. 2001) (". . . Title VII proscribed only workplace discrimination on the basis of sex, race, or some other status that the statute protects; it is not a 'general civility code' designed to purge the workplace of all boorish or even all harassing conduct.").[8]

---

[8]Additionally, any evidence pertaining to the attendance or work performance of the comparator employees *after* the promotion decisions is irrelevant to the questions of whether (1) Baven was similarly qualified or more qualified than the comparators; or (2) Home Depot's reason for denying Baven the promotions was pretext.  See Fed. R. Evid. 401, 402; see also *Cullen v. Olin Corp.*, 195 F.3d 317, 323-24 (7th Cir. 1999) (vacating jury verdict in age discrimination (continued...)

A party must present more than mere speculation or conjecture to defeat a summary judgment motion.  The issue is whether a reasonable jury might rule in favor of the non-moving party based on the evidence in the record.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001).  Because Baven has failed to demonstrate at least one element of her prima facie case, the court must grant Home Depot's motion for summary judgment.  Even if Baven had satisfied her prima facie case, however, her failure to promote claims could not survive summary judgment scrutiny because she has not offered evidence sufficient to convince a reasonable jury that Home Depot's reasons for denying her promotions were pretextual. *Ballance*, 424 F.3d at 619-21 (affirming district court grant of summary judgment in favor of employer where plaintiff established prima facie case of reverse race discrimination but failed to establish pretext); *Wade v. Lerner New York, Inc.*, 243 F.3d 319, 323 (7th Cir. 2001) (granting summary judgment in favor of employer in age discrimination case where plaintiff established her prima facie case but failed to show pretext).

III.  *Retaliation*

Baven also claims that Home Depot reduced her assigned work hours, constructively discharging her in retaliation for reporting race discrimination in

---

[8](...continued)
case; evidence of comparator employee's performance after employment decision at issue was not relevant to whether decision was discriminatory).

violation of both Title VII and § 1981.  Home Depot denies that it retaliated against Baven.  It claims that Baven worked reduced hours because all part-time employees were assigned fewer hours during the low-volume period in question, because her availability was limited, and because she requested days off and missed several days of work during the relevant period.  A plaintiff may prove her claim of retaliation using either the direct or indirect methods of proof.  Baven has not presented direct evidence of retaliation.

To demonstrate a prima facie case of retaliation under the indirect method, the plaintiff must come forward with evidence that (1) she engaged in a protected activity; (2) she was performing her job in accordance with her employer's reasonable expectations; (3) she suffered a materially adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in the protected activity.  *Beamon v. Marshall & Illsey Trust Co.*, 411 F.3d 854, 861-62 (7th Cir. 2005); see also *Stone*, 281 F.3d at 644.  If the plaintiff establishes this prima facie case, the burden shifts to the defendant to advance a legitimate non-retaliatory reason for the adverse employment action.  Once the defendant has done so, the burden shifts back to the plaintiff to show that the defendant's given reason is a pretext for retaliation.  *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002).  If the plaintiff fails to raise a genuine issue of fact as to any element of the prima facie case, or as to whether the defendant's reason is pretextual, her retaliation claim cannot survive summary judgment.  *Id.*

A.    *Baven's Prima Facie Case of Retaliation*

1.    *Materially Adverse Employment Action*

The standard for whether an adverse employment action is "material," and therefore actionable is somewhat broader for retaliation claims than for disparate treatment claims.  See 42 U.S.C. §§ 2000e-2(a), 2000e-3(a).  "[I]n the retaliation context, an employer's action will be actionable under § 2000e-3(a) if it would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  *Whittaker v. Northern Illinois Univ.*, 424 F.3d 640, 648 (7th Cir. 2005), quoting *Washington v. Illinois Dep't of Revenue*, 420 F.3d 658 (7th Cir. 2005).   An employment action that causes a reduction in the plaintiff's compensation generally meets this standard.  *Firestine v. Parkview Health System, Inc.*, 388 F.3d 229, 235 (7th Cir. 2004) (transfer to another position where it reduces the plaintiff's compensation amounts to a materially adverse action); *Hilt-Dyson*, 282 F.3d at 465-66; cf. *Washington*, 420 F.3d at 662 ("By and large, reassignment that does not affect pay or promotion opportunities lacks this potential to dissuade and thus is not actionable.").

Applying the reasoning in *Washington* and *Firestine*, the reduction of an employee's assigned work hours, which in turn brings with it a reduction in the employee's compensation, can amount to a materially adverse action in a retaliation claim.  The parties do not dispute that Baven's hours were reduced after February 2003.  Accordingly, Baven has raised a genuine issue of material

fact as to whether she suffered a materially adverse employment action of a reduction in hours with respect to her retaliation claim.

Baven has also raised a genuine issue of material fact as to whether her hours reduction amounted to a constructive discharge. Constructive discharge, like actual discharge, is an adverse employment action. *Williams v. Waste Management of Illinois*, 361 F.3d 1021, 1032 (7th Cir. 2004). To show constructive discharge the plaintiff must show the conditions at work were so intolerable that a reasonable person would have been compelled to resign. *Id.*, *Tutman v. WBBM-TV Inc./CBS, Inc.*, 209 F.3d 1044, 1050 (7th Cir. 2000). A jury could find that a reasonable person, facing a significant reduction in assigned work hours, would feel compelled to resign and find another job. The parties dispute the extent to which Baven's hours were reduced after February 2003. In light of this dispute and the fact that the reduction in hours carried with it a corresponding reduction in Baven's wages, the court cannot say, as a matter of law, that Baven's hours reduction did not amount to a constructive discharge.

2.    *Similarly Situated Individuals Outside of the Protected Class*

Baven must also come forward with evidence that she was treated less favorably than a similarly situated individual who did not engage in a protected activity. Employees are similarly situated for the purposes of a retaliation claim only if they are "directly comparable in all material aspects." *Hudson v. Chicago Transit Authority*, 375 F.3d 552, 561 (7th Cir. 2004), quoting *Ajayi v. Aramark*

-32-

*Business Services, Inc.*,336 F.3d 520, 531-32 (7th Cir. 2003); *Rogers v. City of Chicago*, 320 F.3d 748, 755 (7th Cir. 2003).

The only evidence Baven has offered regarding Home Depot's treatment of other employees relevant to her retaliation claims is found in her affidavit statements regarding co-workers Mandy Monroney, Kelly Wessell, Tara Outlaw, and Carla Roberson.  Russell identified these employees as part-time cashiers at the Post Road Home Depot who did not complain of discrimination.  Russell Aff. ¶ 18.

Baven testified that "Mandy Monroney was a white employee who was hired after [Baven] and she was later given a full-time position."  Baven Aff. ¶ 66.  Baven fails to provide any information as to whether Monroney was similarly situated to Baven.  Additionally, the statement that Monroney was "later given a full-time position" fails to support an inference that Monroney was treated more favorably than Baven relevant to her hours reduction claim.  Baven provides no evidence of when Monroney was transferred to such a position, whether the position was a cashier's job or a promotion, or any other relevant information.  While the court is required to draw reasonable inferences in Baven's favor, this requirement does not compel the court to invent conclusions unsupported by the evidence presented.  *Frost Nat'l Bank v. Midwest Autohaus, Inc.*, 241 F.3d 862, 868 (7th Cir. 2001) ("A court's obligation to draw all reasonable inferences in favor of a non-moving party, however, does not require that court to stretch existing evidence to

reach conclusions or bolster arguments it could not otherwise support."); *Mills v. Health Care Service Corp.*, 171 F.3d 450, 459 (7th Cir. 1999) ("while any inferences drawn from the facts must be viewed in the light most favorable to the non-moving party, only reasonable inferences need be made."); see also *Box v. A & P Tea Co.*, 772 F.2d 1372, 1379 (7th Cir. 1985) (defendant's motion for summary judgment in sex discrimination case "requires the court to consider reasonable inferences" in plaintiff's favor, "not every conceivable inference").

Baven testified that Kelley Wessell was hired after Baven, that Wessell "had to take care of her sick mother, and she did not want more hours." Baven Aff. ¶ 67. Additionally, Baven testified that "Carla Roberson [was] a black employee who was hired after [Baven], who did not complain about discrimination, but who normally worked about fifteen hours per week." *Id.* ¶ 69. Baven draws upon these statements to argue that she was *not* similarly situated to either Wessell or Roberson. See Baven Response Br. at 29. Even ignoring this misguided argument, however, the statements fail to raise a genuine issue of material fact as to whether Baven was treated less favorably than either Wessell or Roberson with respect to the hours reduction retaliation claim.

Baven also testified in her affidavit as follows: "Tara Outlaw was African American, did not complain about race discrimination, and received almost 30 hours per week in the spring 2003 when Baven requested additional hours." Baven Aff. ¶ 68. The admissible evidence demonstrates that Outlaw and Baven

were both part-time cashiers and that Baven complained of race discrimination while Outlaw did not. Baven has raised a genuine issue of material fact as to whether Outlaw worked over 30 hours per week during the same period in which Baven worked less than 20 hours and claims to have repeatedly asked for more assigned work hours. Baven need not demonstrate that she is identical to Outlaw, only that the two are similar in all relevant aspects. *Rogers*, 320 F.3d at 755. Viewing the evidence in the light most reasonably favorable to Baven, the court finds a genuine issue of material fact as to whether Baven was treated less favorably than Outlaw, a similarly situated employee outside the protected class.

B.    *Baven's Showing of Pretext*

When a plaintiff succeeds in establishing her prima facie case, the burden then shifts to the defendant to produce a legitimate reason for taking the adverse action against the plaintiff. *Hilt-Dyson*, 282 F.3d at 465. Once the employer has done so, the burden shifts back to the plaintiff to raise a genuine issue of material fact as to whether the employer's reason is pretextual. *Id.*; see also *Hudson*, 375 F.3d at 559; *Ajayi*, 336 F.3d at 533-34. She may do so by demonstrating that the defendant's reasons for its action are factually baseless, were not the true reasons for the action, or were insufficient to motivate the action at issue. *Ajayi*, 336 F.3d at 534. Home Depot claims that any reduction in Baven's hours was caused by (1) a seasonal dip in sales volume that resulted in the reduction of the hours of several part-time employees; and (2) Baven's own limited availability, requests for days off, and absences during the relevant period. Def. Br. at 32-34.

Home Depot has offered evidence that work hours for Baven were reduced less than several other part-time cashiers, and that she worked more hours during Spring 2003 than many of her peers who did not engage in a protected activity. Home Depot may not rely on such evidence because it was not properly disclosed in accordance with Rules 26 and 37(c) of the Federal Rules of Civil Procedure. Meadows and Russell testified that low sales volume accounted for a reduction in part-time employee work hours during the fall and winter months, or December, January, and February. Baven claims, however, that her hours were not reduced until mid-February 2003. Baven Aff. ¶¶ 36, 38. The evidence upon which the court may now rely in evaluating Baven's claim demonstrates a genuine issue of material fact as to wether Home Depot's claim that Baven's hours were reduced as part of a seasonal lull that caused Home Depot to reduce the hours of many of its part-time workers was factually baseless.

Additionally, there exists a genuine issue of material fact as to whether Baven's reduction in hours during spring 2003 was "self-imposed," as claimed by Home Depot. The record shows that Baven requested at least nineteen days off of work, informed Home Depot she wanted to work only alternating weekends, missed approximately eleven days of work, and left early one day between her December 2002 EEOC complaint and her resignation in July 2003. Such absences and requests could account for a reduction in Baven's assigned work hours, particularly for a part-time worker. It remains unclear, however, how many of Baven's requests for days off were granted. Also unresolved is whether

Baven's absences were greater than those before she complained, in light of evidence of her attendance problems as of September 2002. Additionally, the evidence demonstrates that Baven may have informed Home Depot that she would work more hours than those indicated on her part-time availability forms.

In light of such evidence, the court finds that Baven has raised a genuine issue of material fact as to whether Home Depot's proffered reasons for the reduction in her work hours has a basis in fact. In so doing, the court does not determine whether Baven will be likely to prove her retaliation claim by a preponderance of the evidence. At this stage in the litigation between the parties, the court must give Baven the benefit of all of the conflicts in the evidence and must resolve all reasonable inferences in her favor. *Baron*, 195 F.3d at 338. Because Baven has raised a genuine issue as to whether Home Depot reduced her hours in retaliation for her complaint of race discrimination, Home Depot's motion for summary judgment on this claim must be denied.

*Conclusion*

For the foregoing reasons, the court finds that Home Depot's motion for summary judgment on all claims of plaintiff Maria Baven, Docket No. 87, is GRANTED as to Baven's claims that Home Depot refused to promote her in 2002 because of her race and DENIED as to Baven's claim that her assigned work hours were reduced in retaliation for her charge of discrimination.

So ordered.

Date: March 30, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Brian L. McDermott
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.mcdermott@odnss.com

Louis Bennet Eble
VERCRUYSSE MURRAY & CALZONE, P.C.
leble@vmclaw.com

Gregory V. Murray
VERCRUYSSE MURRAY & CALZONE, P.C.
gmurray@vmclaw.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kenneth.siepman@odnss.com