UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARL S. FULMORE, FRANCIS N. FULMORE, ALAN R. AKERS, PATRICE BAMIDELE-ACQUAYE, DAVID A. TAYLOR, and MARIA A. BAVEN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:03-cv-0797-DFH-JMS |
| THE HOME DEPOT U.S.A., INC., | ) ) ) | |
| Defendant. | ) | |

ENTRY ON MOTION TO COMPEL PRODUCTION OF DEFENDANT'S
ATTORNEY BILLS AND COST RECORDS

After the court ruled on the defendant's motions for summary judgment in this employment discrimination case, the parties agreed to settlements that resolved all issues except attorney fees and costs. The settlement agreements left those issues to the court to decide. Plaintiffs filed their motion for attorney fees and costs on January 30, 2007. Defendant filed its response on March 1, 2007. Before filing a reply brief, plaintiffs then filed the pending motion to compel defendant to produce copies of defendant's own attorneys' bills and statements and invoices for defendant's costs. Docket No. 191. As explained below, the court denies plaintiffs' motion to compel.

The parties' settlement agreements require the parties to keep the terms of the settlements confidential.  As the court stated in its entry of January 25, 2007, after conferring with counsel, the central issue presented by the fee petition is the extent of plaintiffs' success.  That subject cannot be addressed meaningfully without discussing the terms of the settlement agreements.  The court therefore ordered that all documents relating to the fee petition be filed under seal in an effort to avoid an issue that could result in still more litigation over accusations of breach of the settlements.

The court is satisfied that the plaintiffs' fee petition and supporting documents and the defendant's opposition documents should be kept under seal, at least for now.  However, the plaintiffs' motion to compel, the documents supporting that motion, and the defendant's opposition do not appear to contain any confidential information.  Those documents (Docket Nos. 191, 192, 193, 194, 197, and 198) shall be unsealed on May 4, 2007 unless a party files a specific and persuasive objection showing the need to keep portions of such documents under seal at this time.

Turning to the merits of the motion to compel, plaintiffs argue that they need access to defendant's own attorney bills to reply to the defendant's objections to the plaintiffs' petition.  In attorney fee litigation under fee-shifting statutes, the attorney bills of the opposing party often can provide evidence relevant for evaluating that party's objections to the petition.  Such disclosure can discourage

hypocritical objections to the petition. The Northern District of Illinois has adopted a local rule that requires production of the opposing party's bills, subject to redaction to protect privileged information. N.D. Ill. Local Rule 54.3(d)(5); see also *Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006). At the same time, in some situations, the opposing party's attorney bills may not provide relevant information. *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 659-60 (7th Cir. 1985) (holding that district court did not abuse discretion by denying motion to compel production of defendant's bills). The relevance of the information depends on the particular issues raised by the opposing party's opposition to the fee petition. If the opposing party contends that the petitioning party's attorneys over-staffed the case or spent unreasonable amounts of time on particular tasks, the opposing party's own attorney bills will ordinarily be highly relevant. See, *e.g.*, *Cunningham v. Gibson Electric Co.*, 63 F. Supp. 2d 891, 893-94 (N.D. Ill. 1999) (defendant's own spending undermined its argument that plaintiff's attorney unreasonably sought more in fees on Fair Labor Standards Act case than plaintiff could recover in damages).[1]

In informal conferences with counsel about how to handle the delicate problems presented by the attorney fee issue here, including confidentiality, the

---

[1]Local Rule 54.3(d)(5) of the Northern District of Illinois reflects an institutional decision that such records should be produced in all or nearly all fee disputes. This court has not yet taken that step. Also, the fact that this case involves a settlement weighs in favor of a more discriminating approach to the problem. At bottom, what the court is doing at this point in this case is interpreting the parties' settlement agreements, which incorporate a body of law applicable to fee awards.

court advised counsel that it would not order defendant to produce its own attorney bills until the court saw the defendant's response to the plaintiffs' petition so that relevance issues could be presented more specifically. We are now at that point.  Plaintiffs correctly point out that the relevance standard for discovery is generous.  In this case, however, the court believes that these issues can be resolved fairly without the additional delay, expense, and complexity that would result if the court required defendant to produce its own attorney bills.  See Fed. R. Civ. P. 26(b)(2)(C)(iii).  The court has tried to avoid addressing directly the merits of the fee petition in this entry, but in estimating the costs and benefits of additional discovery, the court must keep at least an eye on the merits of the dispute.  See *id.*

Defendant's first objection to plaintiffs' fee petition is that the plaintiffs are not "prevailing parties" so that no fee should be awarded.  The court has some difficulty reconciling that position with the settlement provision:  "Subject to appeal rights, the parties agree to be bound by the Court's determination on the appropriate amount of reasonable attorney's fees to be paid to resolve this matter." The settlement agreements seem to assume that at least some fee award would be reasonable for a plaintiff who achieved significant success.  The defendant's own attorney bills, however, would not shed additional light on this issue.

Defendant's second objection to plaintiffs' fee petition is that the court should reduce or deny the petition altogether to account for plaintiffs' limited

success.  The defendant's own attorney bills also would not shed additional light on this issue.

Defendant's third objection is that plaintiffs are seeking a fee award that is grossly disproportionate to any success they achieved.  Again, defendant's own attorney bills would not shed additional light on this issue.

Defendant's fourth objection is that plaintiffs' attorney is seeking an hourly rate that includes a prohibited contingency multiplier.  See *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992); *Eirhart v. Libbey-Owens-Ford Co.*, 996 F.2d 846, 852 (7th Cir. 1993).  Defendant's own attorney bills also would not shed additional light on this issue.

Defendant's fifth objection is that some of the time billed by plaintiff's counsel should be disallowed because the time (a) was vaguely or inadequately documented, (b) was for administrative or clerical tasks not properly billed as attorney timel, or (c) was for tasks not sufficiently related to this lawsuit, including situations involving defendant's employees in other states.

Plaintiffs want to see defendant's attorney bills before they reply to the first type of objection.  Plaintiffs anticipate that the defendant's attorney bills are no more specific than their own attorney's records.  For example, in the *Farfaras* case, the defendants had objected to the use of "block billing" (where an attorney

records all time spent on a case during the day in one block, without a specific breakdown of time for different tasks) and "vague" descriptions of work. The defendants' attorneys had used similarly vague descriptions and block billing for their own bills. 433 F.3d at 569. The Seventh Circuit affirmed a fee award that had reduced the fee petition by about 15 percent, as opposed to the 65 percent reduction sought by defendants. The Seventh Circuit wrote: "Although block billing does not provide the best possible description of attorneys' fees, it is not a prohibited practice." *Id.*

Block billing is not unusual, in the court's experience, both in private practice and in deciding attorney fee issues on the bench. See, *e.g.*, *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 2002 WL 1801647, at *2-4 (S.D. Ind. July 5, 2002) (noting that "issue-by-issue detail in billing records is unusual" and making reasonable estimates to determine fee award). Billing entries may seem sufficiently detailed when they were made, yet after the litigation with multiple plaintiffs and multiple claims reaches mixed results, as here, one might wish for more detailed entries. That wish does not mean that the entries were not reasonably detailed when they were made. The court's preliminary look at the records in question indicates that knowing whether defendant's attorneys also used block billing in this particular case would not be useful to the court.

As for the vagueness objection, the court's preliminary look at the plaintiffs' petition and supporting records does not show a systemic problem. An attorney

-6-

recording time ordinarily does so to inform a client about the work that was done so that the client understands a bill. An attorney who hopes to submit a fee petition in the future knows that the time entries may be scrutinized by the opponent and the court, but the attorney cannot always anticipate the issues that may arise later with the benefit of hindsight.

The purpose of a fee award is to determine a reasonable fee in light of all the available information and all relevant factors. Time entries do not stand alone. Even where time entries are not specific, they can be read and recalled with an eye on the calendar and the docket to make reasonable estimates of the compensable portion of the time. See, *e.g.*, *Berberena v. Coler*, 753 F.2d 629, 634 (7th Cir. 1985) (affirming award based on review of time records as supplemented by other records); *Cardiac Pacemakers*, 2002 WL 1801647, at *3 (relying on calendar and docket to evaluate time records); *Craig v. Christ*, 1999 WL 1059704, at *17 (S.D. Ind. Sept. 10, 1999) (same); see generally *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 n.12 (1983) (an attorney "is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures."). In reviewing a fee petition in a case like this, it is also worth remembering that an attorney whose payment is contingent on success has little incentive to waste time on a case. Whatever minimal light the defendant's attorney bills might shed on these issues is not worth the expense and burden of the additional discovery. See Fed. R. Civ. P. 26(b)(2)(C)(iii).

The parties have skirmished over some of the costs that plaintiffs seek as part of their petition.  Those issues appear to focus on the degree of success and the extent of the relationship between the more and less successful plaintiffs' claims.  The court does not see how the defendants' own cost records would be helpful in resolving those disputes.  Plaintiffs point out that defendant has objected to the cost of video-taping one deposition that plaintiffs took, and plaintiffs have responded that defendants video-taped numerous depositions. There does not seem to be any dispute about that fact.

Accordingly, the court denies plaintiffs' motion to compel defendant to produce copies of its attorney bills and related documents.  The court awards no fees or costs on this motion to compel.  Pursuant to the court's previous orders, plaintiffs shall file their reply brief in support of their attorney fee and cost petition no later than fourteen days after the date of this entry.

So ordered.

Date: April 27, 2007

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Louis Bennet Eble
VERCRUYSSE  MURRAY & CALZONE, P.C.
leble@vmclaw.com

Brian L. McDermott
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.mcdermott@odnss.com

Gregory V. Murray
VERCRUYSSE MURRAY & CALZONE, P.C.
gmurray@vmclaw.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kenneth.siepman@odnss.com