UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL S. FULMORE, FRANCES N. FULMORE, ALAN R. AKERS, PATRICE BAMIDELE-ACQUAYE, DAVID A. TAYLOR, and MARIA A. BAVEN,<br><br>                Plaintiffs,<br><br>     v.<br><br>THE HOME DEPOT U.S.A., INC.,<br><br>                Defendant. | CASE NO. 1:03-cv-0797-DFH-JMS |

ENTRY ON PLAINTIFFS' MOTION FOR ATTORNEY FEES

In this action, six plaintiffs sued defendant Home Depot, U.S.A., Inc. on claims of race discrimination in employment and unlawful retaliation.  In a series of decisions in 2006, the court granted Home Depot's motions for summary judgment as to three plaintiffs (Baven, Akers, and Taylor) and denied in part and granted in part Home Depot's motions for summary judgment as to the other three plaintiffs (Frances Fulmore, Carl Fulmore, and Bamidele-Acquaye).[1]

The court set trial dates for the three plaintiffs whose claims survived at least in part.  With persistent and determined help from Magistrate Judge Shields,

---

[1] The decisions were all issued on March 30, 2006 and are reported at 423 F. Supp. 2d 861 (plaintiff Maria Baven); 2006 WL 839459 (Carl Fulmore); 2006 WL 839460 (David Taylor); 2006 WL 839463 (Patrice Bamidele-Acquaye); 2006 WL 839464 (Frances Fulmore); 2006 WL 3198803 (Alan Akers).

the parties then negotiated a series of settlement agreements, one for each of the six plaintiffs. The settlement agreements are confidential by their terms. Each settlement agreement provided that Home Depot would pay a particular sum of money to the plaintiff. The amounts ranged from nominal to significant. Plaintiffs who were still employed by Home Depot agreed to resign; each plaintiff agreed not to seek re-employment with Home Depot.

Each settlement agreement left for the court to decide the amount of a fee award to plaintiffs. Because of the confidentiality terms of the settlement agreements, the court has sealed the parties' submissions concerning the fee award, but discussion of the fee issue requires discussion of at least some terms of those agreements. Plaintiffs' motion seeks an attorney fee of $278,915.00 for 796.90 hours of attorney time, and $12,553.04 in costs. Home Depot argues that the proper award is zero and that the amounts plaintiffs request are unreasonably high for several reasons. As explained below, the court grants the plaintiffs' motion for a fee award in the amount of $139,842.00.

I.   *Prevailing Party Status*

The first issue is whether any fee award is appropriate at all. Home Depot relies on the Supreme Court's decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001), and the Seventh Circuit's decision in *T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 479 (7th Cir. 2003). *Buckhannon* rejected the familiar "catalyst" theory for

prevailing party status under federal fee-shifting statutes. In *Buckhannon*, the state of West Virginia had responded to the plaintiff's lawsuit by repealing the challenged statute, thereby mooting the lawsuit. The Supreme Court held that the plaintiff was not a prevailing party in that situation. The Court taught that a litigant, to be a prevailing party, must have obtained a judgment on the merits, a consent decree, or some other judicially sanctioned change in the parties' legal relationship. 532 U.S. at 604-05.

In *T.D. v. LaGrange School District*, the parties resolved their dispute about a child's special education program through a settlement agreement. The Seventh Circuit applied the reasoning of *Buckhannon* and found that the parties' settlement agreement did not bear the marks of a court-approved and court-enforceable consent decree. The Seventh Circuit therefore held that the settlement agreement did not make the plaintiffs prevailing parties with respect to the court proceedings. 349 F.3d at 478-79.

The court finds that the *Buckhannon* rule does not apply to this case because the settlement agreements in this case expressly contemplated an appropriate attorney fee award under the generally applicable standards that provide for reasonable fees for prevailing parties, while keeping a close eye on the limits of the plaintiffs' success. Each settlement agreement included the following provision:

> 6. Payment of the Employee's Counsel's Attorney's Fees: The Employee's counsel, Richard L. Darst, shall file with the Court a petition for attorneys' fees. Subject to appeal rights, the parties agree to be bound by the Court's determination on the appropriate amount of reasonable attorney's fees to be paid to resolve this matter.

Each plaintiff also expressly released in Paragraph 8 any and all claims to attorney fees outside the scope of the agreement.

These provisions cannot reasonably be construed as an agreement that entirely bars *any* award under the reasoning of *Buckhannon*. Efforts to settle all issues together, including relief for plaintiffs and attorney fees, were not successful. Magistrate Judge Shields eventually helped to break the deadlock by brokering agreements for relief directly to plaintiffs while a fee award was left to the court. The parties negotiated for this term and expressly contemplated that there would be a fee petition. This district court need not address the full implications of the proviso "subject to appeal rights," but the parties' settlement agreements indicated clearly that *some* fee award would be appropriate, at least with respect to plaintiffs who received more than nominal relief under the settlement agreements. This express contemplation of and provision for an attorney fee petition distinguishes this case from cases like *T.D. v. LaGrange School District*, in which the parties' settlement agreement was silent on the question of attorney fees or prevailing party status. In fact, the author of *T.D.* described this feature of the settlement agreement in that case as "important" in understanding the scope of the decision. See *Palmetto Properties, Inc. v. County of DuPage*, 375 F.3d 542, 548 (7th Cir. 2004).

In this case, ultimately, the court is being called upon to apply and enforce the intentions of the parties, as expressed in their agreements. Those agreements not only allow for the possibility of a fee award, notwithstanding the rule under *Buckhannon* and its progeny, but go further and clearly indicate that a fee award in a reasonable amount was anticipated and would be appropriate.

II.     *Limited Success*

Plaintiffs' fee request completely fails to account for the limited success of plaintiffs, though plaintiffs addressed this obviously critical issue in their reply brief. The court granted summary judgment for defendant on all claims of three plaintiffs. Those decisions were subject to appeal, of course, but those three plaintiffs achieved no success through the court decisions. Two of them (Taylor and Akers) agreed to settlements that provided for only nominal or nuisance value payments. The third (Baven) agreed to a settlement that provided for a more substantial but still modest payment. The three plaintiffs whose claims survived summary judgment in part agreed to settle for more substantial but still reasonable payments.

Home Depot has argued that the court should summarily deny the motion for attorney fees because plaintiffs failed to address this central issue of limited success. The court declines to take such drastic action. The failure here is not comparable to the extreme failings in cases that have led courts to take that action. See, *e.g.*, *Lewis v. Kendrick*, 944 F.2d 949, 958 (1st Cir. 1991) (applying

"strong medicine" by finding that unreasonably high fee demand in civil rights case forfeited all rights to a fee); *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 557 (5th Cir. 1998); cf. *Lewis*, 944 F.2d at 959 (Breyer, J., dissenting in part) (excessive fee request should allow but not require district court to deny fees in entirety). Also, the court sees no evidence in this case that the fee request is inflated by false hours or by time that was not reasonably spent on the lawsuit. As this court has observed on several occasions, plaintiffs' attorneys who will be paid only if they are successful have little incentive to waste time or to "churn" a file. See, *e.g.*, *Fulmore v. Home Depot, U.S.A., Inc.*, 2007 WL 1246226, at *3 (S.D. Ind. Apr. 27, 2007); *Allied Enterprises, Inc. v. Exide Corp.*, 2002 WL 424996, at *7 (S.D. Ind. Jan. 15, 2002).

The problem of limited success is difficult here because this single lawsuit combined multiple claims of six different plaintiffs, with widely varying results. All six of the plaintiffs worked at the same retail store, so there was a substantial overlap in evidence both from plaintiffs and defendants. The combination of the multiple plaintiffs and claims therefore led to some efficiencies and cost-savings that are difficult to estimate. At the same time, it would not be fair to hold defendant accountable for time that plaintiffs' counsel spent briefing the three summary judgment motions that plaintiffs lost entirely. It would also be at least a little odd to hold defendant accountable for *all* the time plaintiff's counsel spent on the three other summary judgment motions that produced mixed results. Similarly, although the three plaintiffs who lost on summary judgment might have

been witnesses for the other three plaintiffs, their depositions and affidavits surely would have been shorter and cheaper (for both sides) if they had not pursued their own unsuccessful claims. The court cannot reasonably treat the case as if the only claims had been those on which a few of the plaintiffs achieved some success, so that the court should award a fee for all the time plaintiffs' attorney spent on the case.[2]

Home Depot also argues that it prevailed on 80 percent of the separate claims presented in the lawsuit. That much is true, if one is simply counting claims. But three of the plaintiffs avoided summary judgment on the remaining claims, and Home Depot agreed to pay substantial sums of cash to those three and to one other plaintiff to resolve the claims on the merits. In addition, there is substantial factual overlap among the successful and unsuccessful claims. If the case had been limited to the claims of the three plaintiffs that survived summary judgment, the case would still have demanded much more than 20 percent of the time plaintiff's attorney spent on it.

---

[2]In the briefing on the fee motion, each side criticizes the other for not having settled earlier and for not settling the fee issue. Yet neither side indicates that it has ever been willing to accept any offer the other side has ever made, other than the final agreements on the merits. The dispute over the settlement negotiations adds nothing useful to this issue and is certainly contrary to the spirit of Rule 408 of the Federal Rules of Evidence. The point is that the parties did not settle the merits of the claims until after they had briefed and the court had ruled on six massive motions for summary judgment, and the parties never did settle the attorney fee issues beyond agreeing to have the court make this decision.

There is no simple formula here, but it is clear that limited or partial success is a highly significant factor in awarding attorney fees, even where different claims are related to one another. *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983); see also *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (court must consider the overall reasonableness of the fee in light of the degree of the plaintiff's overall success). Considering all the circumstances with which this court is familiar from four years of this lawsuit, the court finds that the plaintiffs' request should be discounted by 40 percent to account for limited success. This measure accounts for limited success and provides what the court will describe as at least a roughly reasonable relationship between results achieved and the fee awarded.[3]

III.   *Contingency Multiplier*

Plaintiffs' counsel seeks a fee award on the basis of what he describes as a "contingent" hourly rate of $300 for work done prior to 2005, which rose to $350 in January 2005. Home Depot objects to the contingency multiplier and contends that any award should be based on Mr. Darst's standard hourly rates for non-

---

[3] The court does not mean to suggest that there is a simple rule of proportionality in awarding fees under fee-shifting statutes. See *City of Riverside v. Rivera*, 477 U.S. 561, 574 (plurality opinion), *id.* at 585 (Powell, J., concurring in judgment); *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 873 & n.13 (7th Cir. 1995), following *Rivera* and quoting *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 194 (7th Cir. 1994). The amount of effort needed to achieve a particular result may depend in large part upon how long and how vigorously the opponent fights the case. As the plurality opinion in *Rivera* observed: "A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts." 477 U.S. at 578; accord, *Dunning*, 62 F.3d at 873 n.13.

contingent work, which were $275 prior to 2005 and $300 beginning in January 2005. The court agrees with Home Depot on this issue. Whatever the respective merits of the arguments on this question, the Supreme Court has squarely rejected contingency multipliers under federal fee-shifting statutes. See *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), cited in *Essig v. Dalton*, No. 92-863 H/G (S.D. Ind. March 14, 1996) (denying similar request for contingency multiplier by attorney Darst); accord, *Eirhart v. Libby-Owens-Ford Co.*, 996 F.2d 846, 852 (7th Cir. 1993) (rejecting contingency multiplier in Title VII case). There is no indication in the settlement agreements that Home Depot agreed to any different standard. The court has calculated the fee award based on the current $300 rate for all time spent on the case, which provides a rough adjustment for delay in payment for the pre-2005 time.

IV.    *Reasonable Hours*

Home Depot argues that some of the requested hours were not reasonably spent on the litigation. The court agrees with Home Depot that time spent on clerical or billing matters should be excluded. See *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999). Time spent researching Home Depot activities in other states that never became part of this lawsuit and that have only a remote connection to this lawsuit should also be excluded. The court makes a reduction of an estimated 20 hours for these activities.

Home Depot also criticizes plaintiff's attorney for "block-billing" and failing to specify activities in more detail, particularly where hindsight now shows that it would have been more helpful to break down activities specific to particular plaintiffs and claims. As the court explained in denying plaintiffs' motion to compel production of defendant's attorneys' records, block-billing is not unusual, and the court can make reasonable estimates and adjustments in the absence of more detailed time entries. See *Fulmore v. Home Depot, U.S.A., Inc.*, 2007 WL 1246226, at *3 (S.D. Ind. Apr. 27, 2007); see also *Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006) (stating that block billing does not provide the best possible description of attorneys' fees but is not a prohibited practice). If the court were to give this objection any more weight, it would be necessary to order production of defendant's attorneys' billing records for the case. The court's discount for limited success should have and is intended to have the collateral effect of avoiding compensation for time spent on only unsuccessful claims.

V.   *Costs*

Plaintiffs seek more than $12,000 in costs. The parties' settlement agreement does not refer to costs. Home Depot correctly points out that if any party should be deemed a prevailing party for purposes of costs, Home Depot itself deserves that status, having prevailed entirely on the claims of three plaintiffs. (Because the parties settled before the court entered final judgment, however, the court believes any cost awards are covered by the releases in the settlement

agreements.)  The court denies plaintiffs' requests for costs as outside the scope of the settlement agreements.

*Conclusion*

The court grants plaintiffs' fee petition to the extent that defendant Home Depot shall pay plaintiffs' counsel $139,842.00.  The court has started with the plaintiffs' total of 796.90 attorney hours.  The court has subtracted 20 hours for administrative and billing matters and other items not properly billed to the client or the opposing party.  The court has then applied a 40 percent discount for limited success, down to 466.14 hours.  Those hours are multiplied by $300 per hour to result in an award of $139,842.00.  The court will enter a final judgment to that effect.

So ordered.

Date: September 19, 2007

*David F. Hamilton*

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Louis Bennet Eble
VERCRUYSSE  MURRAY & CALZONE, P.C.
leble@vmclaw.com

Brian L. McDermott
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
brian.mcdermott@odnss.com

Gregory V. Murray
VERCRUYSSE MURRAY & CALZONE, P.C.
gmurray@vmclaw.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kenneth.siepman@odnss.com